**Tom EISENRICH, Plaintiff,**

v.

**MINNEAPOLIS RETAIL MEAT CUTTERS AND FOOD HANDLERS PENSION FUND, sued as Minneapolis Retail Meat Cutters and Food Handlers Pension Plan, Defendant.**

**No. CIV.02–984 (DSD/SRN).**

United States District Court, D. Minnesota.

Sept. 15, 2003.

Robert J. Hajek, Warchol, Berndt & Hajek, Minneapolis, MN, counsel for plaintiff.

Corey J. Ayling, Kathleen M. Brennan, McGrann, Shea, Anderson, Carnival, Straughn & Lamb, Minneapolis, MN, counsel for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court upon the cross-motions of the parties for summary judgment. For the following reasons, plaintiff's motion is granted and defendant's motion is denied.

## BACKGROUND [1]

Defendant is an employee benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The terms of the plan and requirements for participation are set forth in the Restated Agreement and Declaration of Trust ("Declaration"), the Pension Plan Plan Document ("PPPD") and the Summary Plan Description ("Plan Summary").[2] Plaintiff is a plan participant who received retirement benefits under the plan. Plaintiff later became reemployed, but did not inform defendant. When defendant learned that plaintiff had resumed working, it sent him a letter stating that his pension benefits were suspended because he was involved in disqualifying employment. A copy of the rules covering suspension of benefits was enclosed with

---

1. The parties have stipulated to the relevant facts of the case. *See* Doc. No. 10, Stipulation as to Facts ("Stip. of Facts").

2. These documents will be referred to collectively as the plan documents.

the notice of suspension. Intending to appeal the suspension, plaintiff timely requested a hearing before the plan fiduciary, as required by the plan documents. The designated fiduciary of the pension plan is the Board of Trustees (the "Trustees"). A hearing was scheduled before the Trustees. In accordance with the procedures set forth in the plan documents, plaintiff was allowed to have an attorney or other representative present at the hearing, to bring witnesses and present evidence on his behalf.

Plaintiff retained a stenographer for the hearing at his own cost. The Trustees refused to proceed with the hearing in the presence of plaintiff's stenographer. Plaintiff, on the other hand, refused to proceed with the hearing without the stenographer. The Trustees told plaintiff that a transcript was not provided for in the plan documents and was not part of the Trustees' past hearing practices. They also informed plaintiff that by refusing to proceed with the hearing without the stenographer, he would fail to exhaust his administrative remedies and be deemed to have waived his right to appeal the denial of benefits. Plaintiff refused to proceed without the stenographer and subsequently filed suit in Hennepin County District Court in the State of Minnesota.

Plaintiff's complaint alleged breach of contract, waiver of contract rights, defamation and intrusion upon seclusion, and also demanded attorney's fees, costs and disbursements. Defendant removed the action to this court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).[3] By stipulation, the parties have since dismissed all but the breach of contract claim and agreed that the remaining questions of law would be resolved on cross-motions for summary judgment. (*See* Stip. of Facts at 6.)

---

**3.** Because the suit arises under ERISA, the court exercises jurisdiction pursuant to 29

## DISCUSSION

### I.  Summary Judgment Standard

Rule 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(quoting Fed.R.Civ.P. 56(c)). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *See id.* at 252, 106 S.Ct. 2505. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *See id.* at 255, 106 S.Ct. 2505. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *See id.* at 322–23, 106 S.Ct. 2548.

Summary judgment is appropriate where, as here, the parties stipulate to the

U.S.C. § 1132(e).

facts in question and the court need only apply the law to the facts in the record. *See Oldham v. West,* 47 F.3d 985, 988 (8th Cir.1995) (summary judgment is appropriate when facts are not in dispute).

## II. Preemption of State Law Claims

■ Plaintiff's sole claim is styled as a common law breach of contract claim. (*See* Compl. at 5.) However, when a claim arising under state common law is directly related to an employee pension and benefit plan, it is preempted by ERISA. *See* 29 U.S.C. § 1144(a); *Howard v. Coventry Health Care of Iowa, Inc.,* 293 F.3d 442, 445–46 (8th Cir.2002); *Molasky v. Principal Mut. Life Ins. Co.,* 149 F.3d 881, 884 (8th Cir.1998). When state law claims are preempted by the Act, the court is required to determine whether the complaint states a cause of action under ERISA or federal common law. *See Slice v. Norway,* 978 F.2d 1045, 1046 (8th Cir.1992).

■ Plaintiff's contract claim could be read to allege a breach of fiduciary duty claim arising under 29 U.S.C. § 1104. However, breach of fiduciary duty claims generally arise when a trustee's failure to act with reasonable care, prudence or diligence results in a denial of benefits or a loss to the trust. *See* 29 U.S.C. § 1104. Because the Trustees' refusal to allow plaintiff to transcribe the hearing did not lead to a loss to the trust or to the denial of plaintiff's benefits, plaintiff's cause of action is better characterized a declaratory judgment action seeking a clarification of rights and duties under the plan and the Act. Pursuant to the Act, a plan beneficiary may bring a civil action to "obtain ... appropriate equitable relief." 29 U.S.C. § 1132(a)(3); *see also* 28 U.S.C. § 2201 (Declaratory Judgment Act permits court to declare legal rights and relations of parties); *Prudential Ins. Co. of America v. Doe,* 76 F.3d 206, 210 (8th Cir.1996) (allowing declaratory judgment of rights and obligations under ERISA).

## III. Standard of Review of Trustees' Actions

■ Defendants assert that the Declaration and other plan documents do not permit claimants to transcribe benefits denial hearings. When, as here, a trust instrument gives a trustee the discretion to interpret its terms, the court reviews those interpretations under the deferential abuse of discretion standard.[4] *See Hawkeye Nat'l Life Ins. Co. v. AVIS Corp.,* 122 F.3d 490, 497 (8th Cir.1997). Under that standard, the court will only disturb a trustee's interpretation if it is unreasonable.[5] *See id.* A trustee's interpretation is reasonable if a reasonable person could have reached the same conclusion.[6] *See Hutchins v. Champion Int'l Corp.,* 110 F.3d

4. The Declaration in this case states
   [The Trustees] shall have full power to construe the provisions of this Agreement, the terms used herein and the by-laws and regulations issued thereunder. Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and the Beneficiaries hereof.
   (Stip. of Facts, Ex. A, Declaration at 19.)

5. The Eighth Circuit Court of Appeals set forth a five-part test to determine the reasonableness of a trustee's interpretation of trust terms. *See Finley v. Special Agents Mutual*

*Benefit Ass'n, Inc.,* 957 F.2d 617, 621 (8th Cir.1992). The *Finley* analysis focuses on the interpretation's consistency with the language and purpose of the trust instrument and the substantive and procedural safeguards of ERISA. *See id.* However, *Finley* and the cases from which it evolved dealt with interpretations that were determinative of eligibility for benefits. Here, the challenged interpretation relates to hearing procedures and is not determinative of benefits eligibility.

6. A less deferential standard of review may apply where "procedural irregularities" cause a breach of fiduciary duty. *Armstrong v. Aetna Life Ins. Co.,* 128 F.3d 1263, 1265 (8th

1341, 1344 (8th Cir.1997). However, even when the trustee's discretion is limited only by an obligation to act in good faith, the interpretation of the plan must also be reasonable "in light of the policies and protections embodied in ERISA." *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 568, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985). After reviewing the Trustees' interpretation of the Declaration, PPPD and Plan Summary against the backdrop of ERISA's protective purposes, the court finds defendant's assertion that claimants may not, at their own cost, record or transcribe a hearing on a denial of benefits is unreasonable and an abuse of discretion.

■ Defendant asserts that its interpretation is reasonable because the plan documents, ERISA and relevant U.S. Department of Labor regulations do not specifically require that benefits hearings be transcribed. The court would agree with defendant if plaintiff was seeking to force the Trustees to provide for transcription. However, the question is not whether transcription is required, but rather, whether the Trustees unreasonably abuse their discretion by refusing to allow a claimant to record the proceeding at his own cost.

The issue of a party's right to transcribe an administrative proceeding has arisen in a similar context. *See Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10, I.L.G.W.U.*, 605 F.2d 1228, 1240–42 (2nd Cir.1979). While *Rosario* was decided under the Labor–Management Reporting and Disclosure Act of 1959

("LMRDA"), 29 U.S.C. § 411(a), rather than under ERISA, the issues and arguments closely parallel those now before the court. The underlying issue in *Rosario* was the extent of the union's disciplinary authority over its members. *See Rosario*, 605 F.2d at 1233. But as here, the plaintiff challenged the union's refusal to allow verbatim recording of a disciplinary hearing. *See id.* The union's arguments were also much like defendant's in this case. The union argued that because its constitution called for the appointment of a secretary to take notes of disciplinary hearings, any other record was proscribed. *See id.* at 1240. It further argued that allowing a verbatim record was contrary to "the general legislative policy of limited judicial intervention." *Id.* The union also suggested that allowing transcriptions would create a financial burden on the union. *See id.* at 1241. Finally, the union asserted that disciplinary hearings are like collective bargaining sessions or grievance hearings, where verbatim recording is thought to impede negotiation and compromise. *See id.* at 1242. The court found none of the union's arguments persuasive. *See id.*

The argument that the union's enabling documents called for a secretary to take notes by hand, but did not call for a stenographic record, like defendant's argument here, simply misstates the issue. The question is whether the officials have the authority to prohibit transcription. *See id.* at 1241 (stating that "the issue ... is whether the Accused may make a verbatim recording, not whether the Union has an obligation to do so.").

Cir.1997) (citing *Wald v. Southwestern Bell Customcare Med. Plan*, 83 F.3d 1002, 1007 (8th Cir.1996); *Buttram v. Central States S.E. and S.W. Areas Health and Welfare Fund*, 76 F.3d 896, 900 (8th Cir.1996)). Here, it has not been shown that the Trustees refusal to allow plaintiff to make a transcript constituted a breach of their fiduciary duty. The court

must apply the abuse of discretion standard unless plaintiff presents probative evidence that the fiduciary acted under a conflict of interest, dishonestly, from an improper motive or without exercising judgment. *See Wald*, 83 F.3d at 1007. There has been no such showing in this case.

The policy of limited judicial intervention in union affairs parallels the deferential abuse of discretion standard applied to ERISA plan trustees. Yet the *Rosario* court noted that "the freedom allowed unions to run their disciplinary proceedings was reserved for those proceedings which conform to the 'due process' principles written into [the Act.]" *Id.* at 1240 (citation omitted). Like the LMRDA, ERISA provides both procedural and substantive protections and a trustee's acts must be reasonable "in light of the policies and protections embodied in ERISA." *Central Transport,* 472 U.S. at 568, 105 S.Ct. 2833; *see also Roth v. Sawyer–Cleator Lumber Co.,* 61 F.3d 599, 602, 604 (8th Cir. 1995)(ERISA is intended to protect beneficiaries' pension rights); *Robbins v. Prosser's Moving and Storage Co.,* 700 F.2d 433, 439 (8th Cir.1983)(noting that Congress intended to give employee-beneficiaries greater protection than was afforded by the common law of contracts). Allowing claimants to record benefits denial hearings does not conflict with either the deference due to plan trustees or the protection of beneficiaries' rights contemplated by ERISA.

As the union argued in *Rosario,* defendant contends that allowing claimants to transcribe proceedings will increase hearing costs. *See Rosario,* 605 F.2d at 1241. That argument "is hardly persuasive, since it is the [claimant], not the [Trustees], who would assume the obligation of making the recording." *Id.* Moreover, the argument that some claimants cannot afford a stenographer rings hollow in light of the provision allowing claimants to be represented by counsel at the hearing, since some claimants may not be able to afford legal representation.[7] (*See* Declaration at § 6.4; PPPD at 58; Plan Summary at 28.)

■ The court also disagrees with defendant's argument that benefits denial hearings are similar to collective bargaining and grievance hearings, where verbatim transcription is generally disfavored. *See Chicago Cartage Co. v. Int'l Broth. of Teamsters, Local 710,* 659 F.2d 825, 829 (7th Cir.1981); *NLRB v. Bartlett–Collins Co.,* 639 F.2d 652, 655–56 (10th Cir.1981); *Latrobe Steel Co. v. NLRB,* 630 F.2d 171, 178 (3rd Cir.1980). While those hearings often involve negotiation and compromise, a benefits denial hearing is different and is more like a trial. In this case, plaintiff stands accused of violating the requirements of the plan. Evidence was to be presented to a decision-maker who would determine subsequent eligibility for benefits. Benefits hearings bear none of the give and take of collective bargaining or grievance resolution. Therefore, those who would testify would not be reluctant to speak on the record.

Finally, the court notes that the plan documents permit claimants to appeal a final decision of the Trustees through binding arbitration. (*See* Declaration at § 6.5.) However, such arbitration is limited to the question of whether the Trustees' actions were contrary to law, arbitrary and capricious or unsupported by substantial evidence. (*See* Declaration at § 6.6.) Therefore, the evidence, including testimonial evidence, on which the Trustees base their decision may be important to subsequent arbitration.[8]

---

7. The court is also unpersuaded by defendant's argument that its past practice has not included stenographic recording of hearings, since it is not clear that any previous claimant has sought to provide his own stenographer.

8. Defendant urges the court to find that any subsequent review should be based on the administrative record rather than a stenographic review. (*See* Def.'s Reply Mem. in Support of Def.'s Mot. for Summ. J. at 2–3.) Because an appeal of the Trustees' decision must go to arbitration, the arbitrator, rather

In spite of the deference due the Trustees in these circumstances, the court finds no reasonable justification for the Trustees' interpretation of the plan to bar claimants from retaining their own stenographer to record benefits denial hearings. Because the court finds that the Trustees' actions constitute an abuse of discretion, summary judgment, in the form of a declaratory judgment is appropriate.

## IV. Further Relief

■ Defendant asserts that by refusing to proceed with the hearing without the stenographer, plaintiff failed to exhaust his administrative remedies and is now time barred from appealing its adverse decision through arbitration. However, because defendant interpreted the plan in an unreasonable manner, it would be unjust to now deny plaintiff a meaningful hearing on the basis of the exhaustion of remedies and time limit requirements of the plan documents. (*See* Declaration at §§ 6.4 and 6.5.)

Having construed plaintiff's claim as seeking a declaratory judgment rather than as a breach of contract claim, the court need not address plaintiff's prayer for damages in the form of back payment of his pension since March 1, 2002. (*See* Compl. at XVI.) Further, such relief would require consideration of plaintiff's eligibility for benefits, which is not a question for the court, but for the Trustees and possibly the arbitrator.

While the minutes of the meeting of the Trustees reflect the Board's determination that plaintiff is ineligible for benefits, no hearing took place. (*See* Stip. of Facts, Ex. F at 5–6.) In order to do justice without unduly interfering with the province of the Trustees and arbitrator, the court exercises its equitable authority and

than the court, will decide whether or not to consider the transcript. Even if the transcript is rejected on subsequent review, it may

returns the parties to the status quo ante. *See e.g., Griggs v. E.I. Dupont de Nemours & Co.,* 237 F.3d 371, 384 (4th Cir.2001)(noting that reinstatement of the status quo is allowable equitable relief under ERISA). Therefore, the Trustees' determination that plaintiff is ineligible for benefits and has waived the right to appeal that determination is reversed and the matter is remanded to the Trustees for further proceedings in accordance with this order.

## V. Attorney's Fees

■ The stipulation notes that the question of attorney's fees is a legal issue to be decided by the court. (*See* Stip. of Facts at 6.) The civil enforcement provisions of ERISA permit an award of reasonable costs and attorney's fees to a party bringing an action to "recover benefits due him under the terms of the plan, or to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) and (g)(1). To determine whether to award attorney's fees in an ERISA action, the court should consider: (1) the opposing party's bad faith, (2) the opposing party's ability to pay attorney fees, (3) the deterrent effect of an award of fees, (4) whether the party seeking fees acted in the interest of all plan beneficiaries, and (5) the relative merits of the parties' positions. *See Lawrence v. Westerhaus,* 749 F.2d 494, 495–96 (8th Cir.1984).

■ While the Trustees have not been found to have acted in bad faith, their actions are unreasonable. Further, because the court finds that plaintiff's action has resolved a question of law which enforces his rights under the plan and is of interest to all plan beneficiaries, and that defendant's position lacks merit, an award

still be of value to claimants in preparation for arbitration.

of reasonable attorney's fees is appropriate. Therefore, plaintiff shall be entitled to file a motion for reasonable attorney's fees in accordance with LR 54.3(b)(1).

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment [Doc. No. 14] is granted.

2. Defendant's motion for summary judgment [Doc. No. 16] is denied.

3. The Trustees shall hear and consider the merits of plaintiff's challenge to the suspension of his pension benefits within ninety (90) days of the date of this order, and in accordance with the terms and conditions of the plan documents. Plaintiff shall be permitted to make a stenographic record of that hearing at his sole cost.

4. In accordance with the plan documents, if plaintiff is dissatisfied with the decision of the Trustees, he shall have sixty (60) days from receipt of the Trustees' written decision in which to submit a written request for arbitration.

5. Plaintiff shall recover his costs arising from this action in accordance with Fed.R.Civ.P. 54(d)(1).

6. Upon a motion filed in accordance with LR 54.3(b)(1), plaintiff shall be awarded reasonable attorney's fees related to the present action.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**