**Reda SMEDLEY Plaintiff**

v.

**ARKANSAS DEPARTMENT OF FI-NANCE & ADMINISTRATION, et al. Defendants**

**No. 4:02CV00535 GH.**

United States District Court, E.D. Arkansas, Western Division.

Dec. 15, 2004.

Milton DeJesus, Esq., Little Rock, AR, for Plaintiff.

Wendy L. Kelley, Esq., Arkansas Attorney General's Office, Little Rock, AR, for Defendants.

### MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

Pending before the Court is Defendants' Motion For Summary Judgment asserting that there remain no genuine issues of material fact at issue and that defendants are entitled to judgment as a matter of law. In support of the requested relief, defendants have submitted a Statement of Material Facts Not in Dispute, six affidavits as Exhibits and a brief in support.

Plaintiff in opposition to the motion for summary judgment filed a Response and an Amended Response asserting, in essence, that there are genuine issues of

material fact in the current issues in dispute and, accordingly, Defendants' requested relief should be denied.

## BACKGROUND

Plaintiff, proceeding *pro se*,[1] instituted this action pursuant to 42 U.S.C. § 1981, and 42 U.S.C. § 1983 against Arkansas Department of Finance and Administration, Arkansas Beverage Control Board; Ron Fuller, Carl Hyman, Tony Ellis, Patricia Cohee and J.J. Vineault, members of the Arkansas Beverage Control Board, in their official and individual capacities; and Robert Moore, Jr., Marilyn Hawley, Don Bennett, Karen Blagg, Judy Chwalinski and Kathey Gibson, employees of the Arkansas Beverage Control Division, in their official and individual capacities.

Plaintiff also invoked Title VII, codified at 42 U.S.C. § 2000e et seq., against Defendants on her claims for failure to promote and sex discrimination; and claims against Fuller, Hyman, Ellis, Cohee, Vigneault, Moore, Hawley, Bennett, Blagg, Chwalinski and Gibson for race discrimination, retaliation and hostile work environment.

Plaintiff also asserted the Arkansas Civil Rights Act, i.e. Ark.Code Ann. §§ 16–123–107(a)(1), (c)(1) and 16–123–105, 106, 108, alleging employment discrimination, hate offenses and retaliation. Plaintiff also asserted state claims of libel, slander, assault and battery.

Defendants filed two Motions To Dismiss Plaintiff's Complaint contending that the Complaint failed to state a claim upon which relief could be granted. Plaintiff filed a Response in opposition.

On March 13, 2003, Judge Stephen M. Reasoner entered an order granting in part and denying in part Defendants' Motions To Dismiss. Pursuant to the order, the following claims of Plaintiff were dismissed:

1. Plaintiff's claims against Arkansas Department of Finance and Administration and Arkansas Beverage Control Board pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

2. Plaintiff's claims against Fuller, Hyman, Ellis, Cohee, Vigneault and Blagg pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

3. Plaintiff's claims against Moore, Hawley, Bennett, Chwalinski and Gibson in their official capacities.

4. Plaintiff's claims pursuant to Title VII for failure to promote and sex discrimination.

5. Plaintiff's claims against Fuller, Hyman, Ellis, Cohee, Vigneault, Moore, Hawley, Bennett, Blagg, Chwalinski and Gibson for race discrimination, retaliation, and hostile work environment pursuant to Title VII.

6. Plaintiff's claims against Arkansas Department of Finance and Administration, Arkansas Beverage Control Board, Fuller, Hyman, Elllis, Cohee, Bigneault and Blagg pursuant to the Arkansas Civil Rights Act.

7. Plaintiff's claims against Hawley, Bennett, Chwalinski and Gibson in their official capacities pursuant to the Arkansas Civil Rights Act.

8. Plaintiff's claims against Moore, Hawley, Bennett Chwalinski and Gibson in their individual capacities pursuant to the Arkansas Civil Rights Act.

9. Plaintiff's claims of libel, slander, assault and battery pursuant to Arkansas state law.

---

1. On March 23, 2004, Plaintiff's request for appointment of counsel was granted. Milton DeJesus, Esq., was appointed on April 16, 2004, to replace the initial appointed counsel who was granted permission to withdraw as counsel for Plaintiff.

Pursuant to Judge Reasoner's order, the following claims of Plaintiff were permitted to go forward:

1. Plaintiff's claims for equitable relief pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983 against Moore, Hawley, Bennett, Chwalinski and Gibson in their official and individual capacities.

2. Plaintiff's claims of race/color discrimination, retaliation and hostile work environment against Arkansas Department of Finance and Administration and Arkansas Beverage Control Board pursuant to Title VII.

3. Plaintiff's claims against Moore, Hawley, Bennett, Chwalinski and Gibson in their individual capacities pursuant to the civil rights offenses section, the hate offense section and the retaliation section of the Arkansas Civil Rights Act.

### DISCUSSION

The Court, in reviewing the totality of the circumstances asserted by Defendants in their statement of material facts allegedly not in dispute and Plaintiff's Response and Amended Response in opposition to Defendants' Motion for Summary Judgment, is persuaded that credibility is a central issue that the trier of fact must resolve in analyzing the issues in this matter. For example, Plaintiff contends that she was physically assaulted by Chwalinski on May 25, 2001, in the work area; and that there were other negative occurrences and exchanges between the two in the work area, but Defendants deny these assertions. See: *Oldham v. West,* 47 F.3d 985 (8th Cir.1995) (stating, in essence, that credibility assessments, choices between conflicting versions of the events, and the

weighing of evidence are matters for the jury, not the court in analyzing and ruling on a motion for summary judgment).

Plaintiff further asserts in her Response, Amended Response and Exhibit 1 that she filed a grievance on May 21, 2001, regarding the alleged hostility that she was being subjected to in the work environment; that, as previously noted, she was physically assaulted on May 24, 2001, by Chwalinski; that this incident was reported to Geri Jones at the Agency's Grievance Office; that Plaintiff communicated with Geri Jones on June 5, 2001, at 9:00 o'clock to obtain information regarding the status of her grievances and was advised that the matter "wasn't grievable" and "I picked it (a copy of the decision) up around 10:30 or 11:00" and that she was terminated "around 12:00" and "I wasn't given a clear reason why I was terminated."

On the other hand, Defendants contend that Robert Moore, Jr., Director of the Alcoholic Beverage Control Division, explored every possible alternative to termination and decided that termination was the only option due to the fact that Plaintiff's conduct had created an intolerable work environment for the entire staff and, in addition, "Moore also determined that a false statement alleging a physical assault in the office was conduct that could not be tolerated in the workplace."[2]

Given the aforementioned circumstances, the Court is persuaded that in addition to the need for credibility assessment, there appears an inference of close temporal proximity between the alleged filing of a grievance by Plaintiff and the Agency's employment decision to termi-

---

2. Plaintiff alleges that she was hired by the Agency on August 21, 1989, and that she was the only black employed during her approximately twelve years of service. Plaintiff contends that prior to the alleged circumstances she encountered as set forth in her Complaint, she had not received any letter of reprimand and no negative evaluation; and that she has never received a promotion.

nate Plaintiff as asserted by Plaintiff in her retaliation claim. Accordingly, the Court finds that questions of genuine issues of material facts exists and defendants' Motion For Summary Judgment is denied.

In addition, the Court *sua sponte* is scheduling this case for a jury trial. The Clerk of the Court is directed to designate this matter on the docket as a jury action..